## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF ILLINOIS

IN RE: Jennifer D. Eveland　　　　　　　　　　Case No. 06-81578
　　　　　Debtor(s)　　　　　　　　　　　　　　　CHAPTER 7

### REAFFIRMATION DISCLOSURES AND AGREEMENT

**PART A:** *BEFORE AGREEING TO REAFFIRM A DEBT, REVIEW THESE IMPORTANT DISCLOSURES:*

**Summary of Reaffirmation Agreement.**
This Summary is made pursuant to the requirements of the Bankruptcy Code.

**AMOUNT REAFFIRMED: $16,909.38** This is the total amount of debt you have agreed to reaffirm by entering into this agreement, which includes $0.00 in attorney fees and $0.00 in costs accrued as of the date of the disclosure statement, related to such total amount. Your credit agreement(s) may obligate you to pay additional amounts which may come due after the date of this disclosure statement. Consult your credit agreement(s).

**ANNUAL PERCENTAGE RATE: 12.15%**

Collateral: A security interest or lien in goods or property is asserted over some or all of the debt(s) you are reaffirming.

The items subject to this security interest are: **2005 Pontiac Bonneville, VIN 1G2HX52K65U210259**

Original Purchase Price: **$16,909.38**

Your first payment in the amount of **$332.13 due on 10/15/06** but the future payment amount may be different. Consult your reaffirmation agreement or credit agreement, as applicable. **NOTE:** When this disclosure refers to what a creditor 'may' do, it does not use the word 'may' to give the creditor specific permission. The word 'may' is used to tell you what might occur if the law permits the creditor to take the action. If you have questions about reaffirming this debt or what the law requires, consult with the attorney who helped you negotiate this reaffirmation agreement. If you don't have an attorney, the judge will explain the effect of your reaffirming this debt when the hearing on this reaffirmation agreement is held.

**Reaffirming this debt is a serious financial decision. The law requires you to take certain steps to make sure that the decision to reaffirm is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.**

1. Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in Part B (or you may use a separate agreement you and your creditor agree on).

2. Complete and sign Part D and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.

3. If you were represented by an attorney during the negotiation of your reaffirmation agreement, your attorney must sign this certification in Part C.

4. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E.

5. The original of this disclosure statement must be filed with the Court by you or the creditor. If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.

6. If you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court.

7. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective until the court approves it. The court will notify you of the hearing on your reaffirmation agreement. You must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement as consistent with your best interests, except that no court approval is required if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home.

**YOUR RIGHT TO RESCIND (CANCEL) YOUR REAFFIRMATION AGREEMENT.** You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a discharge order, or before the expiration of the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled).

**WHAT ARE YOUR OBLIGATIONS IF YOU REAFFIRM THE DEBT?** A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation agreement which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

**ARE YOU REQUIRED TO ENTER INTO A REAFFIRMATION AGREEMENT BY ANY LAW?** No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

**WHAT IF YOUR CREDITOR HAS A SECURITY INTEREST OR LIEN?** Your bankruptcy discharge does not eliminate any lien on your property. A 'lien' is often referred to as a security interest, deed of trust, mortgage or security deed. Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor may still have the right to take the security property if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the Trustee has abandoned, you may be able to redeem the lien rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the security property, as agreed by the parties or determined by the court.

**PART B: REAFFIRMATION AGREEMENT**

I(We) agree to reaffirm the debts arising under the credit agreement(s) described below. I(We) hereby agree to make payments of **$332.13 monthly** commencing on **10/15/06** and each month thereafter until the indebtedness has been fully paid, according to the original terms of the credit agreement(s), except as to changes provided below. I(We) waive discharge of this indebtedness and agree and understand that I(we) or Creditor may rescind (cancel) this agreement at any time until it becomes enforceable, which will not occur until all requirements of 11 U.S.C. §524(c) have been met.

---

**DESCRIPTION OF CREDIT AGREEMENT(S):**

Creditor: ALLIANT CREDIT UNION
**ANNUAL PERCENTAGE RATE: 12.15%**

Contract Date: **9/13/06**

Scheduled Payment Amount: **$332.13 monthly**

Account No.: **23430965**

Contractually Due For: **$332.13 for 10/15/06**

Net Balance: **$16,909.38**

Description of any changes to the credit agreement made as part of this reaffirmation agreement: Partial reaffirmation for the value of the vehicle only.

Attorney Fees: $0.00

Total Amount Due: **$16,909.38 PLUS INTEREST**

---

_Jennifer Eveland_   10-13-06
DEBTOR              DATE              CODEBTOR              DATE

Accepted on behalf of Creditor: _Sue Greenwood_   Date: 11/07/06
Creditor's Authorized Agent

## PART C: CERTIFICATION OF DEBTOR'S ATTORNEY

I hereby certify and declare that (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

Debtor's Attorney: _____       Date: 11-2-06

## PART D: DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT.

1. I(We) believe this reaffirmation agreement is in my(our) financial interest. I(We) can afford to make the payments on the reaffirmed debt.

2. I(We) received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

_Jennifer Eveland_  _10-13-06_       _____   _____
DEBTOR              DATE              CODEBTOR         DATE