# REAFFIRMATION AGREEMENT

*Debtor's Name:*
Jennifer D. Eveland

*Bankruptcy Case No.:*
06-81578

## PART A - REAFFIRMATION DISCLOSURES

**BEFORE AGREEING TO REAFFIRM A DEBT, REVIEW THESE IMPORTANT DISCLOSURES**

These Disclosures are made by CEFCU, a Credit Union, P.O. Box 1715, Peoria, Illinois 61656-1715 to:

Jennifer D. Eveland, 40 Douglas Ct., Canton, IL
Name and Address


Name and Address

### SUMMARY OF REAFFIRMATION AGREEMENT

### (THIS SUMMARY IS MADE PURSUANT TO THE REQUIREMENTS OF THE BANKRUPTCY CODE)

**AMOUNT REAFFIRMED**: $74,677.47

This is the total amount of debt that you agree to reaffirm by entering into this agreement plus any fees and costs accrued as of the date of the disclosure statement related to the total amount. Your credit agreement may obligate you to pay additional amounts that may become due after the date of this disclosure. Consult your credit agreement.

**ANNUAL PERCENTAGE RATE**: 5.406%

**SECURITY INTEREST**: A security interest or lien in goods or property is asserted by CEFCU over some or all of the debts you are reaffirming. The goods or property in which CEFCU claims a security interest or lien is as follows:

Description of collateral: Real Estate

Original purchase price: n/a

Original amount of loan: (If collateral relates to a non-purchase money loan): $90,000.00

Repayment Schedule: Your first payment in the amount of $913.56 is due on 12/01/06. Future payments are due on the dates specified by the credit agreement. The future amount may be different. Consult your credit agreement.

When this disclosure refers to what CEFCU "may" do, it does not use the word "may" to give CEFCU specific permission. The word "may" is used to tell you what might occur if the law permits CEFCU to take the action. If you have questions about your reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement reaffirming a debt. If you don't have an attorney helping you, the judge will explain the effect of your reaffirming a debt when the hearing on the reaffirmation agreement is held.

### REAFFIRMATION DISCLOSURES - CONTINUED

Reaffirming a debt is a serious financial decision. The law requires you to take certain steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.

1. Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in Part B.

2. Complete and sign Part D and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.

3. If you were represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must sign the certification in Part C.

4. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must complete and sign Part E.

5. The original of this disclosure must be filed with the court by you or by CEFCU. If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.

6. If you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court.

7. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it. The court will notify you of the hearing on your reaffirmation agreement. You must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement as consistent with your best interest, except that no court approval is required if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home.

Your right to rescind (cancel) your reaffirmation agreement. You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a discharge order, or before the expiration of the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify CEFCU that your reaffirmation agreement is rescinded (or canceled).

What are your obligations if you reaffirm the debt? A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, CEFCU may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation agreement which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, CEFCU may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

Are you required to enter into a reaffirmation agreement by any law? No, you are no required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

What if CEFCU has a security interest or lien? Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage or security deed. Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien CEFCU may still have the right to take the security property if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to CEFCU equal to the current value of the secured property, as agreed by you and CEFCU or determined by the court.

## PART B - REAFFIRMATION AGREEMENT

I (we) agree to reaffirm the debts arising under the credit agreement described below:

Brief description of credit agreement: <u>Note & Mortgage</u>

Description of any changes to the credit agreement made as part of this reaffirmation agreement: <u>n/a</u>

Signature of Borrower: X *Jennifer Eveland*

Date: 11-22-06

Co-borrower, if also reaffirming their debt: X _____

Accepted by CEFCU: *Paul A. [signature]*

Date of CEFCU's acceptance: _____

## PART C - CERTIFICATION BY DEBTOR'S ATTORNEY

I hereby certify that (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

Signature of Debtor's Attorney: *[signature]*

Date: 11-22-06

## PART D - DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

I believe this reaffirmation agreement is in my financial interest. I can afford to make the payments on the reaffirmed debt. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

X *Jennifer Eveland*     11-22-06
Signature of Borrower/Debtor     Date

X _____     _____
Signature of Borrower/Debtor     Date